**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Erik Watt, | No. CV-25-00962-PHX-SPL |
| Plaintiff, | |
| vs. | **ORDER** |
| Trulieve Holdings Incorporated, et al., | |
| Defendants. | |

Before the Court is Plaintiff's Motion to Amend Complaint, or Alternatively, Motion for Partial Reconsideration (Doc. 18), Defendants' Responses (Docs. 19, 24[1]), and Plaintiff's Reply (Doc. 22). Having considered the parties' briefing, the Court now rules as follows.[2]

**I.    BACKGROUND**

On March 21, 2025, Plaintiff filed this action against Defendants for common law fraud, fraudulent concealment, breach of express and implied warranties, negligence, unjust enrichment, and violations of the Arizona Consumer Fraud Act ("ACFA") and other state consumer protection acts. (Doc. 1 at 2–3, ¶ 3; Doc. 1 at 26–41). Plaintiff alleges

---

[1] The Court called for a response to Plaintiff's Motion for Partial Reconsideration as Local Rule 7.2(g)(2) prohibits such responses unless ordered by the Court. (Doc. 23).

[2] Because it would not assist in resolution of the instant issues, the Court finds the pending motion is suitable for decision without oral argument. *See* LRCiv 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

Defendants sell marijuana-infused edible products with a tetrahydrocannabinol ("THC") content that exceeds the legal limits imposed by Arizona's and Florida's consumer safety laws. (*Id.* at 2, ¶ 1). On August 28, 2025, the Court dismissed the Complaint (the "Dismissal Order") for lack of subject matter jurisdiction, concluding Plaintiff lacked Article III standing as he "ha[d] not established that he ha[d] suffered an injury-in-fact by purchasing a product that he otherwise would not have, due to his reliance on affirmative misrepresentations about the lawfulness of Defendants' product." (Doc. 17 at 6–7). The Dismissal Order, however, did not state whether the Court dismissed Plaintiff's claims with or without prejudice and with or without leave to amend. (*See id.* at 7). Plaintiff filed the instant Motion on September 11, 2025, seeking leave to amend his Complaint and requesting the Court partially reconsider the Dismissal Order if the Dismissal Order was with prejudice and/or without leave to amend. (Doc. 18 at 2–3).

## II.     LEGAL STANDARD

Reconsideration is disfavored and "appropriate only in rare circumstances." *Defs. of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Motions for reconsideration are "not the place for parties to make new arguments not raised in their original briefs," nor should such motions "be used to ask the Court to rethink what it has already thought." *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003). Under Local Rule 7.2(g)(1), a motion for reconsideration should ordinarily be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." *See also Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (granting a motion for reconsideration is appropriate if "the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."). A party's "[m]ere disagreement with a previous order is an insufficient basis for reconsideration." *Guillen v. Thompson*, No. CV 08-1279-PHX-MHM, 2010 WL 3239419, at *2 (D. Ariz. Aug. 16, 2010).

### III.    DISCUSSION

To the extent the Court previously dismissed Plaintiff's claims with prejudice and without leave to amend, Plaintiff seeks reconsideration of the Dismissal Order on the ground of manifest error as dismissals for lack of subject-matter jurisdiction generally must be without prejudice, (Doc. 18 at 6), and district courts "must give plaintiffs at least one chance to amend a deficient complaint," (*Id.* at 7 (citation omitted)). Defendants argue a dismissal with prejudice is appropriate because no amendment could cure Plaintiff's lack of Article III standing, (Doc. 24 at 4–5), therefore making leave to amend futile, (*Id.* at 9).

The Dismissal Order was silent as to whether dismissal was with or without prejudice. "[D]ismissals for lack of Article III jurisdiction [typically] must be entered without prejudice," *Barke v. Banks*, 25 F.4th 714, 721 (9th Cir. 2022)), unless it appears that no amendment could cure a plaintiff's lack of standing, *Fieldturf, Inc. v. Sw. Recreational Indus., Inc.*, 357 F.3d 1266, 1269 (Fed. Cir. 2004). *See also Schmier v. U.S. Court of Appeals for the Ninth Cir.*, 279 F.3d 817, 824–25 (9th Cir. 2002) (affirming the district court's dismissal for lack of Article III standing with prejudice as the plaintiff "could not have possibly amended his complaint to allege an injury in fact."); *Ashurst Land & Cattle, LLC v. Rancho Mountain Props., Inc.*, 609 F. App'x 500, 501 (9th Cir. 2015) (affirming the district court's dismissal of the plaintiffs' claims with prejudice because the plaintiffs had an opportunity to cure their lack of standing and failed to do so).

Here, it does not appear that any set of facts could cure Plaintiff's lack of standing. As evidenced by the Proposed Amended Complaint ("AC"), Plaintiff largely reiterates the same arguments and conclusory allegations previously dismissed by this Court. (*Compare* Doc. 18-1, *with* Doc. 1-1). For example, Plaintiff again argues that he paid more for the RSO than he otherwise would have because he relied on Defendants' representations that the RSO was lawful. (Doc. 18-1 at 34–35, ¶¶ 97–100). But Plaintiff's alleged reliance is again based on his own assumption, not a specific misrepresentation made by Defendants. (*Id.* at 33–34, ¶¶ 88, 92–93, 95). The Dismissal Order clearly stated that reliance on an assumption that turned out to be untrue does not establish Article III standing under an

overpayment theory. (Doc. 17 at 5 (citing *Barrales*, 2025 WL 1584424, at *4)). Plaintiff must allege actual false representations—which he does not.

Likewise, the statutory and regulatory provisions that Plaintiff cites in the AC do not identify any additional duties to disclose. (Doc. 18-1 at 40, 43–44, 49, ¶¶ 128, 130, 145, n.28, 169–170). Insofar as Plaintiff's argument that Defendants have a common law duty to disclose beyond the statutory requirements outlined in the Arizona Marijuana Acts, (Doc. 18-1 at 38–39, 55, ¶¶ 119–120, 127, 178; Doc. 22 at 4–6, 9–10), the Court is not persuaded. Statutory duties are typically broader than common law duties, not vice versa. *See Schmid v. United States*, 273 F.2d 172, 176 (7th Cir. 1959) ("The duty [to furnish and maintain a safe place of employment] imposed by the Wisconsin statute is greater than that required by the common law."); *see also St. Louis, I.M. & S. Ry. Co. v. Taylor*, 210 U.S. 281, 294 (1908) (recognizing that Congress had prescribed and defined a statutory duty to supplant the common-law duty of care). Plaintiff does not point to any Arizona law that indicates Defendants' alleged common law duty of care is broader than the statutorily prescribed duties.

Plaintiff's assertion that Defendants' alleged misrepresentation of the edible oil products as RSO is a "hidden defect" also fares no better. (Doc. 18-1 at 40–41, ¶¶ 129–131). First, Plaintiff does not dispute that Defendants' edible oil products contained the mandated Arizona Department of Health Services warning disclosing the health risks of marijuana use. (*See* Doc. 22 at 9–10; Doc. 1 at 5, ¶ 22; *see also* Doc. 1 at 17, ¶ 102; Doc. 18-1 at 23, ¶ 57). Second, the Court has already found that Defendants accurately represented the volume of THC in their edible oil products. (Doc. 17 at 6). Although Plaintiff alleges the RSO "had no warnings or labels that Plaintiff could see pertaining to the potency of the product," (Doc. 18-1 at 33, ¶ 88), Plaintiff's own admission that marijuana consumers commonly understand RSO to be an edible marijuana product with a very high THC content subverts his hidden defect claim, again assuming such a theory is even viable, (*Id.* at 15–17, ¶¶ 34–35, 37). *See McGee v. S-L Snacks Nat'l*, 982 F.3d 700, 707 (9th Cir. 2020) (finding no hidden defect where the plaintiff acknowledged "Pop

Secret's nutritional label disclosed the presence of artificial trans fat, and the health risks of consuming artificial trans fat were firmly established" at the time of purchase).

Thus, for all the reasons stated above, the Court finds dismissal with prejudice is appropriate. The Motion is therefore denied.

**IV.    CONCLUSION**

Having considered Plaintiff's Motion to Amend Complaint, or Alternatively, Motion for Partial Reconsideration (Doc. 18), the Court will deny the Motion. Although dismissals for lack of subject-matter jurisdiction typically must be without prejudice, the Court may dismiss with prejudice if no set of facts could cure the deficiency. Plaintiff's proposed AC still does not allege an affirmative misrepresentation made by Defendants, nor does it identify any actionable duty to disclose. Leave to amend is thus futile. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." (citation omitted)), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014).

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Amend Complaint, or Alternatively, Motion for Partial Reconsideration (Doc. 18) is **denied**.

Dated this 30th day of April, 2026.

_____
Honorable Steven P. Logan
United States District Judge

5